# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHELLE M. BUERGER | § |
| | §  Civil Action No. 4:18-CV-78 |
| v. | §  (Judge Mazzant/Judge Nowak) |
| | § |
| JIMMY L. CLIFTON, ET AL. | § |

## MEMORANDUM OPINION AND ORDER

On January 29, 2018, *pro se* Plaintiff Michelle M. Buerger, a Wisconsin resident, initiated this suit in the Eastern District of Texas against *pro se* Defendants Jimmy L. Clifton and Patricia Clifton (Dkt. #1). Since then, this case has not significantly progressed. The Magistrate Judge recently detailed the lack of forward progression in this cause (Dkt. #39 at pp. 1–3). On February 25, 2021, the Court adopted the Magistrate Judge's recommendation denying Plaintiff's Motion for Default Judgment and ordered Plaintiff to "file an amended complaint within fourteen (14) days of entry of th[e] Memorandum Adopting" (Dkt. #40). The Court specifically warned Plaintiff that "[f]ailure to comply [would] result in dismissal under Federal Rule of Civil Procedure 41(b)" (Dkt. #40). Instead of filing an amended complaint, Plaintiff requested to further delay this action, seeking an extension of time to file (Dkt. #42). The Magistrate Judge, citing the Court's prior instruction and the Court's leniency over the past three years, ordered Plaintiff to file an amended complaint no later than March 17, 2021 (Dkt. #43). That same order, for which Plaintiff has acknowledged receipt (Dkt. #44), explained Plaintiff's Amended Complaint must be received by March 17, 2021 and that no further extensions would be granted and thus if the amended complaint was not received by March 17 the case would be dismissed under Rule 41(b). Plaintiff failed to file an amended complaint as ordered. And Plaintiff's live pleading does not properly plead any claim (Dkt. #40).

A district court may dismiss an action for failure to prosecute or comply with any court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).  Indeed, "[i]t is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798 (5th Cir. 2021) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 250 (5th Cir. 1984)).

Generally, such dismissal is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from re-asserting claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).  This case has been pending for three years. The Court extended Plaintiff's deadline to file an amended complaint until March 17; Plaintiff failed to comply.  By not complying with the Court's order, Plaintiff has prevented this action from proceeding.  And as to limitations, the Court construed Plaintiff to attempt to assert claims for trespass to real property, breach of contract, and negligence, and further determined each to not be properly pleaded at this time (Dkts. #39 at pp. 7–9; #40).  Plaintiff's live pleading generally alleges those claims arose sometime between September 2015 and January 2016 (Dkt. #1 at p. 3).

Plaintiff filed this suit on January 29, 2018.  A four-year statute of limitations applies to a breach of contract claim.  TEX. CIV. PRAC. & REM. CODE §§ 16.004, 16.051; *Archer v. Tregellas*, 566 S.W.3d 281, 288 (Tex. 2018).  A two-year statute of limitations applies to negligence claims.  TEX. CIV. PRAC. & REM. CODE § 16.003(a); *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 510 (Tex. 2015).  And a two-year statute of limitations applies to claims for trespass to real property.  TEX. CIV. PRAC. & REM. CODE § 16.003(a); *W.W. Laubach Tr./The Georgetown Corp. v. The Georgetown Corp./W.W. Laubach Tr.*, 80 S.W.3d 149, 158 (Tex. App.—Austin 2002, pet. denied).  In this case, it is difficult to assess whether limitations barred Plaintiff's claims for negligence and trespass at the outset given the lack of clarity in Plaintiff's pleading; however, limitations would bar the refiling of any of these claims.  Notwithstanding, dismissal remains warranted.  *See Jenkins*, 2018 WL 7198156, at *3.  There is a record of delay by Plaintiff in this case.  Many of the actions taken in this case by Plaintiff were prompted by the Court's own directives to Plaintiff to act or pursue prosecution of her claims.  Other federal district courts in Texas have dismissed with prejudice cases under considerably similar circumstances and where lesser delay exists.  *See, e.g.*, *Fowler v. Johnson Cty. Jail*, No. 3:20-CV-402-N-BN, 2020 WL 6386492, at *3 (N.D. Tex. Aug. 27, 2020) (recommending dismissal when the plaintiff failed to comply with a court order for approximately five months), *report and recommendation adopted*, No. 3:20-CV-402-N, 2020 WL 6382886 (N.D. Tex. Oct. 30, 2020); *Dunn v. Hernandez*, No. 3:18-CV-2300-B-BK, 2019 WL 885098, at *1 (N.D. Tex. Jan. 29, 2019) (recommending dismissal when the case was pending for more than four months and the plaintiff failed to comply with court orders despite two extensions), *report and recommendation adopted*, No. 3:18-CV-2300-B-BK, 2019 WL 859426 (N.D. Tex. Feb. 21, 2019).  For the foregoing reasons, dismissal under Rule 41(b) is appropriate.  However, the Court expressly conditions its dismissal under Rule 41(b) to

allow Plaintiff leave to file a motion to reopen this action, along with any amended complaint, on or before 30 days from the date if this Order.  To be clear, if Plaintiff files an amended complaint on or before April 16, 2021, the Court will direct this matter to be reopened.  Accordingly,

It is therefore **ORDERED** that Plaintiff Michelle M. Buerger's case is **DISMISSED** without prejudice to Plaintiff's filing a motion to reopen and amended complaint in this case on or before 30 days from the date of this Order.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action at this time.

**IT IS SO ORDERED**.

**SIGNED this 19th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE